CID, PLAINTIFF AND RESPONDENT, v. RODRÍGUEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in an action of debt.

No. 1020.—Decided January 26, 1914.

ACTION OF DEBT—CONTRACT—EVIDENCE.—An examination of the evidence introduced in this case shows that the contract referred to in the complaint was entered into in the terms expressed therein and that the defendant owes to the plaintiff the amount sought to be recovered.

The facts are stated in the opinion.
*Mr. Damián Monserrat, Jr.,* for respondent.
*Mr. Manuel F. Rossy* for appellant.
MR. JUSTICE DEL TORO delivered the opinion of the court.
In the complaint which originated this action it is alleged

that the plaintiff and defendant entered into a contract for the construction of certain masonry work. The contract reads as follows:

"THIS AGREEMENT WITNESSETH: That my bid for the construction of an observatory on house No. 24 San Justo Street, of this city, having been accepted by Carlos Rodríguez, I agree to execute each and all of the specifications set out in the plans drawn up on January 2, 1912, by Engineer Castro González, and I accept all of the conditions stipulated in the estimate and specifications for the said work for the sum of $2,122.48, all the necessary materials for the performance of the work to be furnished by me. It is likewise agreed that the owner shall satisfy the owners of the adjoining houses for the value of the partition walls which may be used in the said work. It is also agreed that the construction engineer shall issue monthly certificates of the work done, which shall be paid by the owner of the building, he retaining 10 per cent of the value thereof as security for the faithful fulfilment of this contract. San Juan, Porto Rico, May 28, 1912. José Cid Solá, Contractor. Carlos Rodríguez, Proprietor."

It is alleged also in the complaint that for the purpose of complying with certain orders of the superior board of health it was necessary to perform certain additional work which was made the subject of a new contract between the plaintiff and the defendant, said contract being executed with the assistance and agreement of the engineer managing the construction work; that for this extra work the defendant was to pay to the plaintiff the sum of $2,306.98, and had paid him only $545.40 on account, leaving an unsatisfied balance of $1,761.58; that the plaintiff on his part had complied well and faithfully with each and every contractual obligation and that the building constructed was delivered to the defendant who accepted it after the receipt of the report of the engineer in charge, without any objection whatever.

The defendant answered by a general and specific denial of all the allegations of the complaint.

The trial having been held, on May 3, 1913, the court rendered judgment against the defendant for the amount claimed

together with interest and costs. From that judgment the defendant brought this appeal.

The sole contention in the appellant's brief is that the plaintiff has no cause of action "to request payment of the whole amount of the repairs made to a house belonging to the defendant until he has satisfied the damage done to the defendant by taking more time in the construction than was agreed upon and for his failure to credit him with the difference between the price of the brick concrete which was used and the stone concrete agreed upon."

A copy of the statement of the case containing all the evidence introduced is included in the transcript of the record. The evidence of the plaintiff consisted of his own testimony, of the testimony of the engineer employed by the defendant, and of various documents. The evidence of the defendant consisted of his own testimony only.

An impartial analysis of the said evidence shows that the contracts referred to in the complaint were executed in the terms expressed therein and that the defendant owes to the plaintiff the amount sued for.

Although the construction work was delayed longer than the specifications allowed, this was due to the additional work which had to be performed, to the lack of workmen on account of certain cases of bubonic plague appearing in San Juan, and to the action of the defendant himself in delaying the beginning of the work for one week while negotiating for the sale of the house, and because of his non-payment at the proper time of the second certificate issued by the engineer. Although it is true that a part of the stone concrete called for in the specifications was substituted by brick concrete, this change was made with the knowledge and consent of the engineer in charge of the work employed by the defendant, who, with knowledge thereof, accepted the work, objecting only to a leak in the roof which was immediately repaired. In his testimony the defendant stated that he actually knew that brick instead of stone concrete had been used, but that he

agreed to it because he had been promised the payment of the difference in price between the two materials. This statement of the defendant was contradicted by the testimony of the engineer in charge of the work and the conflict was decided by the trial court in favor of the plaintiff, as may be seen from the judgment rendered.

It not appearing that any error was committed by the trial court, the appeal should be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.